**¶GREGORY A. CHAIMOV, OSB #822180**
gregorychaimov@dwt.com
**WILLIAM D. MINER, OSB #04363**
billminer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff, Oregon LNG

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **LNG DEVELOPMENT COMPANY, LLC d/b/a OREGON LNG,**<br><br>PLAINTIFF,<br><br>v.<br><br>**PORT OF ASTORIA,**<br><br>DEFENDANT. | Case No. 3:09-CV-847-JE<br><br>**DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

I, Peter Hansen, hereby declare:

1.     I am one of the members and the CEO of LNG Development Company, LLC doing business as Oregon LNG ("Oregon LNG"). Prior to becoming a member and CEO of Oregon LNG, I was employed by Calpine Corporation. I have personal knowledge regarding the statements made herein. I make this declaration in support of Plaintiff's Motion for Preliminary Injunction.

Page 1 – DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

DWT 13136166v4 0083275-000009         DAVIS WRIGHT TREMAINE LLP         C:\NRPORTBL\DWT\QUIRM\13136166_4.DOC
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

2. Oregon LNG is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Vancouver, Washington.

3. Defendant Port of Astoria ("the Port") is an Oregon Port located in the City of Astoria.

4. Attached as Exhibit 1 to this Declaration and incorporated by this reference, is a copy of a November 1, 2004 master lease between the State of Oregon acting through its Department of State Lands and the Port of Astoria ("the Master Lease"). Exhibit 1 is a lease for premises located in Clatsop County, the description of which is attached as Exhibit A to the master lease ("the Premises").

5. On or about November 4, 2004, Skipanon Natural Gas, LLC and the Port of Astoria entered into a sublease of the Premises ("Sublease"). Skipanon Natural Gas, LLC was a subsidiary of Calpine Corporation and is Oregon LNG's predecessor in interest. When I worked for Calpine, I also worked with Skipanon Natural Gas LLC and was the primary contact with the Port and DSL relating to the Master Lease and Sublease. The Sublease is attached as Exhibit 2 to this Declaration, and incorporated by this reference.

6. On or about January 24, 2007, the Sublease was assigned to Oregon LNG with the approval from the United States Bankruptcy Court.

7. Through conversations with commissioners and executive directors of the Port (both past and current), and based on my experience with negotiating both the Master Lease and Sublease, the Master Lease was entered into in 2004 with the specific purpose that the Port would immediately enter into a sublease with Skipanon Natural Gas, LLC (Oregon LNG's predecessor). The purpose of the Master Lease and the Sublease was the Port would act as a "pass-through" for Oregon LNG's predecessor. DSL would lease the Premises to the Port and the Port would in turn lease the Premises directly to Oregon LNG's predecessor. The Master Lease and Sublease are virtually identical documents with virtually the same terms (including

Page 2 – DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

DWT 13136166v4 0083275-000009

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

C:\NRPORTBL\DWT\QUIRM\13136166_4.DOC

rent amount) and were ratified at the same time by the Port for the purpose of developing a liquefied natural gas facility at the Premises.

8. The purpose of the initial five year term in both the Master Lease and the Sublease is to give Oregon LNG's predecessor, and now Oregon LNG, time to determine if a project could be developed at the Premises that would warrant a longer, thirty (to sixty) year term. It was understood that if, after this trial period, Oregon LNG's predecessor determined that the Premises were suitable to site and develop a liquefied natural gas facility, Oregon LNG's predecessor, and now Oregon LNG, would renew the Sublease and the Port would renew the Master Lease. The initial five year term in the Sublease and Master Lease was for the benefit of Oregon LNG's predecessor, and now Oregon LNG, and no other party.

9. Attached as Exhibit 3 to this Declaration is a print out of a portion of the Port's website relating to the proposed liquefied natural gas facility to be sited at the Premises.

10. On or about April 24, 2009, I instructed my attorneys to exercise Oregon LNG's option to renew the Sublease with the Port. The renewal notice is attached as Exhibit 4 to this Declaration.

11. The Master Lease will expire on October 31, 2009. Pursuant to the Master Lease, the original date for the Port to have delivered its renewal notice was May 4, 2009. As of today's date, the Port has not exercised its option to renew the Master Lease with DSL.

12. DSL and the Port have twice extended the deadline to renew. The first extension was extended to May 31, 2009.

13. On or about May 28, 2009, I attended a public meeting of the Board of Commissioners for the Port and was informed by the Port that the deadline had been extended again to August 31, 2009. The Port voted to postpone a vote on the extension until a later date.

14. At the July 21, 2009 regularly scheduled meeting of the Board of Commissioners for the Port, the Port once again voted to postpone a decision on whether or not

Page 3 – DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

DWT 13136166v4 0083275-000009    DAVIS WRIGHT TREMAINE LLP    C:\NRPORTBL\DWT\QUIRM\13136166_4.DOC
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

to renew the Master Lease. At the July 21, 2009 meeting, the Port agreed to make the decision on August 18, 2009.

15. If the Port fails to renew the Master Lease, Oregon LNG will lose possession of and site control over the Premises. If Oregon LNG loses control over and possession of the Premises, its liquefied natural gas facility will not be able to be sited.

16. Pursuant to paragraph 15.1 of the Sublease, prior to filing this case and prior to filing this motion for preliminary injunction, I have attempted to work with the Port to address the issue of the renewal and we have been unable to resolve our differences.

17. Oregon LNG is ready, willing and able to continue with its obligations under the Sublease, and remains ready, willing and able to do so.

18. Oregon LNG is not in default under the Sublease.

19. If the Port fails to renew the Master Lease at its August 18, 2009 meeting, but extends for an additional two years pursuant to the extension offered by DSL, Oregon LNG loses the benefit of the bargain Calpine made with the Port. Oregon LNG will be placed in the position of holding a thirty year Sublease under a seven year master lease with only two years remaining. This anomaly casts doubt on whether Oregon LNG in fact has control of its project site, which creates confusion in the marketplace for LNG and natural gas, renders project financing problematic and materially interferes with Oregon LNG's efforts to secure long-term LNG terminal use contracts and related contractual arrangements.

20. In addition to the approximately 2.5 million man-hours in labor of the construction of the facility outlined in Exhibit 3, the construction of the connecting pipeline could generate an additional 2.5 million man-hours. I agree with the Port that once complete, the facility will create at least 75, permanent family wage jobs and contribute between $8 and 10 million per year in revenue to the treasuries of the City of Warrenton and Clatsop County. Total, direct employment associated with the construction and long-term operation of the facility and

Page 4 – DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

DWT 13136166v4 0083275-000009        DAVIS WRIGHT TREMAINE LLP        C:\NRPORTBL\DWT\QUIRM\13136166_4.DOC
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

Aug 14 2009 01:52pm P002/002
From:Copies & Fax            To:15037785299            08/14/2009 13:47        #305 P.002/002

the associated pipeline has been estimated at more than 13 million man-hours.

*I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.*

DATED this 14 day of August, 2009.

_____
PETER HANSEN

Page 5 – DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**Error! Unknown document property name.** DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

C:\DOCUMENTS AND SETTINGS\LIBRARY GUEST\LOCAL SETTINGS\TEMPORARY INTERNET FILES\CONTENT.IE5\UJY9ZS0L\PLD-DEC%20OF%20PETER%20HANSEN%20FOR%20