Thane W. Tienson, OSB No. 773741
ttienson@landye-bennett.com
Jennifer L. Gates, OSB No. 050578
jgates@landye-bennett.com
Landye Bennett Blumstein, LLP
1300 SW 5th Avenue, Suite 3500
Portland, Oregon 97201
Phone: (503) 224-4100
Fax: (503) 224-4133

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON AT PORTLAND

| | |
|---|---|
| LNG DEVELOPMENT COMPANY, LLC d/b/a OREGON LNG,<br><br>Plaintiff,<br><br>v.<br><br>PORT OF ASTORIA, an Oregon Port; **DAN HESS**; an individual, **LARRY PFUND**; an individual, **WILLIAM HUNSINGER**, an individual, **JACK BLAND**, an individual, and **FLOYD HOLCOM**, an individual,<br><br>Defendants. | Case No. 3:09-CV-847 JE<br><br>**DECLARATION OF WILLIAM HUNSINGER IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**UNDER PENALTY OF PERJURY:**

I, WILLIAM "BILL" HUNSINGER, do hereby declare that the statements herein are made based on personal knowledge and I am competent to testify.

1. I became a Commissioner for the Port of Astoria in July 2007, and am currently the Commission Chair.

2. I have been opposed to signing a 30-year extension of our Lease with the DSL for several reasons: (1) there is no financial benefit to the Port, only financial risk. Therefore, I

Page 1 - DECLARATION OF WILLIAM HUNSINGER IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*538490.doc.08881-003*

believe it was a bad business deal for the Port; (2) there is an ongoing criminal investigation of the circumstances surrounding the entry into the Lease and Sublease with regard to its former Executive Director Peter Gearin and it would be irresponsible for me as a publicly elected official to not wait until that investigation is concluded before making any decision to extend the Lease with the DSL for 30 years; (3) if the Port signs or is forced to sign a 30-year extension and FERC or the State fails to approve the proposed LNG import facility, I am concerned that Oregon LNG will probably abandon the project and the Port will be exposed to a 30-year lease payment obligation to the State with no practical means of making those payments. This is so because there is no assurance that Oregon LNG, because it is constituted as an LLC, will want, or even be able, to make its Lease payments to the Port throughout the 30-year renewal term if it does not obtain approvals to operate its proposed LNG import facility.

3.  Peter Gearin recently entered a plea of GUILTY to a violation of the federal Clean Water Act arising out of his actions as the former Executive Director of the Port in conjunction with 2005 dredging operations.

4.  The criminal investigation concerning the Port's entry into the Lease and Sublease is still pending, but Clatsop County District Attorney Joshua Marquis reported to the Commission that the State's investigation is nearing conclusion.

5.  There are no other tenants currently on the land that the Port leases from DSL on the Skipanon Peninsula and there is no other source of revenue other than Oregon LNG's monthly Lease payments. The Port literally does not make a penny on the Lease or Sublease. It is a straight, pass-through arrangement in that all of the monies received from Oregon LNG are funneled directly to the State by the Port. Consequently, it is very important to the Port Commission, given the Port's precarious financial condition, in large part because of the cost to the Port of the misdeeds of Mr. Gearin, that the Port not enter into a long-term Lease arrangement obligating the Port to make Lease payments to the State without any assurance that there is a source of revenue to make those payments.

Page 2 -  DECLARATION OF WILLIAM HUNSINGER IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

538490.doc.08881-003

6. Following the receipt of Oregon LNG's notification to the Port of its intent to exercise the 30-year renewal option in the Sublease in late April 2009, the Port sought advice from the Landye Bennett Blumstein LLP law firm. The initial written advice apparently has been leaked. We continued to work with that law firm to explore our options. I and a majority of the Commissioners wanted to defer a decision on the 30-year renewal option if we could legally do so because of the pending criminal investigation and the uncertain results of it and concerns about the financial risks associated with assuming a 30-year Lease payment obligation without any assurance that Oregon LNG would be able to obtain all of the approvals it needed to operate the LNG import facility it proposed, and because we were told that it could be another two years or more before Oregon LNG knew whether it could obtain those approvals. In August 2009, the Port was able to work with the DSL and negotiate, consistent with the terms of the Lease, an Amendment of the Lease to extend the initial five-year Lease period to seven years, so that it now expires on August 31, 2011. The Amendment to the Lease is attached to this Declaration and marked as Exhibit "A". The DSL has not given the Port its written consent to Oregon LNG's 30-year renewal of its Lease.

7. I understood that the two-year extension would allow the Port to defer making a decision on whether to decide to exercise its first 30-year Lease option until 2011 both to avoid potential financial risk to the Port because it will allow both the Port and Oregon LNG two more years to determine whether LNG can obtain the necessary permits to construct and operate its proposed import facility and time for the criminal investigation to be concluded.

8. After Oregon LNG filed its lawsuit in federal court against the Port but did not sue the DSL, the Port Commission authorized legal counsel to file a lawsuit in state court (Clatsop County Circuit Court) adding DSL to ask the Court to reform the Sublease to conform to that amendment to Lease and to ensure that the terms of the Lease were consistent with the Sublease.

9. I do not know whether Oregon LNG has materially breached its Lease agreement. I do know that the Port and Oregon LNG do not have an approved Master Development Plan with

Page 3 - DECLARATION OF WILLIAM HUNSINGER IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*538490.doc.08881-003*

the DSL, and no current plan to proceed with a development plan that includes an 18-hole golf course on the Skipanon site leased land. The Master Development Plan for Golf Course and Marine Industrial Uses submitted by Oregon LNG to the Port in March 2008 is attached to this Declaration as Exhibit B". It proposes a possible 9-hole golf course on land not subject to the Sublease located just south of the leased land.

DATED this 13th day of October, 2009.

_____
WILLIAM HUNSINGER

Page 4 -  DECLARATION OF WILLIAM HUNSINGER IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

538490.doc.13159-001