GREGORY A. CHAIMOV, OSB #822180
gregorychaimov@dwt.com
WILLIAM D. MINER, OSB #04363
billminer@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:   503-241-2300
Facsimile:   503-778-5299

KELLY P. CORR, WSBA #00555 *(admitted pro hac vice)*
kcorr@corrcronin.com
WILLIAM H. WALSH, WSBA #21911 *(admitted pro hac vice)*
wwalsh@corrcronin.com
CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone:   206-625-8600
Facsimile:   206-625-0900

Attorneys for Plaintiff, Oregon LNG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **LNG DEVELOPMENT COMPANY, LLC d/b/a OREGON LNG,**<br><br>PLAINTIFF,<br><br>v.<br><br>**PORT OF ASTORIA, an Oregon Port; DAN HESS; an individual, LARRY PFUND; an individual; WILLIAM HUNSINGER, an individual; JACK BLAND, an individual; and FLOYD HOLCOM, an individual,**<br><br>DEFENDANTS. | Case No. 3:09-CV-847-JE<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S ADDITIONAL CONCISE STATEMENT OF MATERIAL FACTS**<br><br>[LR 56.1(b)(3)] |

Pursuant to LR 56.1(b)(3), Plaintiff hereby submits this Reply to Defendants' Additional Concise Statement of Material Facts ("*DACSMF*") (Dkt. No. 62).

13.  Admitted.

14.  Denied. The Master Lease "contemplates" subleasing. *See e.g.,* Upland (Master) Lease at ¶12.2 ("Subleases"); Plaintiff's Concise Statement of Material Facts ("*CSMF*") ¶6 (Dkt.

No. 36); Larsen Decl. (Dkt. No. 53).

15. Admitted, but denied that the State did not provide such consent as to the Sublease. *See DACSMF* ¶13; Letter from S. Purchase to R. Larsen, dated Nov. 16, 2004, Ex. 2 to Amended Complaint, p.1 (Dkt. No. 14-3). Further denied that this is material to *Oregon LNG's* claim that it has properly exercised its option under the Sublease or that the Port is in breach for failing to extend the Master Lease.

16. Admitted, but *see DACSMF* ¶13. Also, Sublease ¶3.2 provides Oregon LNG a unilateral right to renew the Sublease with the Port. *See* Ex. 2 to Amended Complaint, ¶3.2 (Dkt. No. 14-3). Furthermore, at the January 20, 2009 Port meeting, Port Executive Director Crider admitted that Oregon LNG had met their lease requirements. *See* Port of Astoria, Regular Commission Meeting Minutes, Jan. 20, 2009, Ex. B to Supp. Corr Decl. attached hereto. The Port has never issued a Notice of Default, Notice of Termination, or Notice to Cure, and after Oregon LNG extended the Sublease, the Port invoiced Oregon LNG for rent, collected rent and cashed the check. *See* Supp. Decl. of Peter Hansen attached hereto, ¶¶2-3 and Ex. A. Moreover the Port has provided no evidence that it asked the State to consent.

17. Admitted, but *see DACSMF* ¶13. Denied that this is material to this motion.

18. Admitted, but the State is not an indispensable party. *See* Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 54).

19. Admitted that there are some differences between the Upland (Master) Lease and the Sublease, particularly with regard to Article 1, ¶5.1, and ¶5.2, but denied that any differences are material to this motion. *See* Exs. 1 and 2 to Amended Complaint (Dkt. No. 14).

20. Denied. *See* Supp. Hansen Decl. ¶15, attached hereto. Denied further that this is material to this motion.

21. Admitted that the staff report says that the permitting process was expected to take 2-3 years, but denied that this reference in the report is material.

22. Admitted, but immaterial.

23. Admitted that it will take additional time to obtain the necessary permits, but denied that this is material.

24. Admitted.

25. Denied. The DOJ concluded its investigation, and no wrongdoing was found with regard to the Port Commission's approval and execution of the Sublease. *See* Letter from S.J. Riddell, State of Oregon Department of Justice, to J. Marquis, Clatsop County District Attorney, dated Oct. 20, 2009, Ex. D to Supp. Corr Decl. attached hereto. Additionally, Commissioner Pfund admitted the lease was entered into legally. *See* Scott Learn, *AG Finds Misconduct by Ex-Port Director*, The Oregonian, Oct. 21, 2009, Ex. C to Supp. Corr Decl. The Director of the Oregon DSL also said the DOJ's findings do not offer any legal justification for invalidating the lease. *See Secret Relationships Shaped LNG Deal*, The Daily Astorian, Ex. F to Supp. Corr Decl.

26. Admitted, but denied Mr. Gearin's 2008 conviction over illegal dredging had anything to do with this project or any issue in this case, including the 2004 leases.

27. Admitted that the Port and DSL amended the Upland (Master) Lease on August 24, 2009. Denied that this amendment obviated the Port's obligations under its Sublease. The initial term of the Sublease between the Port and Oregon LNG was not similarly extended. *See* Ex. 3 to Amended Complaint (Dkt. No. 14-4). The Port sought to amend the Master Lease in order to get a better deal. *See* Ex. D to Decl. of T. Tienson in Support of Opp. to Motion for Partial Summary Judgment (Dkt. No. 64-2). Oregon LNG's unilateral renewal option in the Sublease is expressed in ¶3.2. *See* Ex. 2 to Amended Complaint, ¶3.2 (Dkt. No. 14-3).

28. Admitted that ¶5.1 of the Upland (Master) Lease references the Port's obligation with regard to an 18-hole golf course, but denied that such use was required by the State. *See* Email from J. Grimes, Oregon DSL, to S. Purchase, Oregon DSL, dated Aug. 18, 2009, Ex. A to Supp. Corr Decl. Mr. Hess admits that a golf course was an approved <u>but not necessary</u> use for the portion of the site not used for LNG facilities. Dec. of Daniel Hess ¶11 (Dkt. No. 65).

29. Denied. The Sublease does not require submission of a Master Development Plan

that includes an 18-golf course. *See* Ex. 2 to Amended Complaint (Dkt. No. 14-3); ¶30 below.

30. Admitted, but a Master Development Plan including a nine-hole golf course was submitted to the State within two years in 2006 as required under the Upland (Master) Lease. *See* Supp. Hansen Decl. ¶¶8-13; Email from P. Hansen to P. Gearin & R. Larsen, Oct. 12, 2006, Ex. D to Supp. Hansen Decl.; Ltr from R. Larsen to S. Purchase, Oct. 20, 2006, Ex. E to Supp. Hansen Decl.; Email from P. Hansen to P. Gearin & R. Larsen, Nov. 21, 2006, and Email from P. Gearin to P. Hanson, Nov. 22, 2006, Ex. F to Supp. Hansen Decl.; Ltr from S. Purchase to R. Larsen, Dec. 20, 2006, Ex. G to Supp. Hansen Decl.; Ex. A to Decl. of T. Tienson in Support of Opp. to Mot. for P. Sum. Jgmt (Dkt. No. 64-2). This Plan stated that the land had been rezoned "to allow for its use for marine-industrial purposes such as an LNG terminal," and that as a result, it would not be possible to construct an 18-hole golf course. It also discussed failed efforts to obtain financing for an 18-hole golf course. *See* Ex. A to Decl. of T. Tienson (Dkt. No. 64-2), pp. 2-4. The State approved this Plan. *See* Ex. G to Supp. Hansen Decl. The Port's Executive Director confirmed receipt of the Master Development Plan and had no objections. *See* Ex. F to Supp. Hansen Decl. In 2006 the subleased property was rezoned to I-2 (Heavy Industrial) and A-1 (Aquatic Development). The rezoning was done with the express prior consent of the State of Oregon and the Port. *See* Supp. Decl. of Peter Hansen ¶¶4-7; Ltr from S. Purchase to C. Parker, Aug. 15, 2005, Ex. B to Supp. Hansen Decl.; Letter from P. Gearin to C. Parker, Aug. 30, 2005, Ex. C to Supp. Hansen Decl. The current I-2 zoning precludes a golf course on the western portion of the leased premises, while the current A-1 zoning on the eastern portion of the leased premises could still allow for golf course construction there. *See id.* Denied that this is material.

31. Admitted.

32. Admitted that the Port was informed they had no practical ability to protest the assignment of the Sublease, but denied that that was, in fact, true. The Port hired the law firm Stoel Rives, and is a public entity with a $21 million annual budget. *See* Port of Astoria, Meeting Minutes, June 29, 2009, Ex. E to Supp. Corr Decl. attached hereto. Also, in its January 3, 2007

Order approving assignment of the Sublease, the bankruptcy court found "no defaults (monetary or otherwise) exist under the Sublease." *See* Ex. C to the Decl. of T. Tienson in Support of Opp. to Motion for Partial Summary Judgment, at p. 2 (Dkt. No. 64-2). Denied that there was financial risk; when Skipanon Natural Gas went bankrupt, Leucadia took it over and carried on the obligations of the lessee under the Sublease. Oregon LNG is 80.1% owned by Leucadia, a New York Stock Exchange company. *See* Plaintiff's Rule 7.1 Disclosure Statement (Dkt. No. 33). Denied that this is material to this motion.

33. Admitted.

34. Admitted that the Port (not "Court") withdrew its objections after initially opposing assignment of the lease to Oregon LNG, and that a guarantee for $500,000 through Nov. 4, 2009 was made part of the bankruptcy order after the Port's request. *See* Supp. Hansen Decl. ¶14.

35. Admitted that the Port sought and obtained an extension of time from DSL regarding the 30-year renewal, but denied that the extension is material.

36. Denied that a Master Development Plan was not approved by DSL. *See* ¶30 above. Neither the Port nor the State ever expressed objections or criticism of the Master Development Plan submitted in March 2008. *See* Supp. Hansen Decl. ¶13.

DATED this 26th day of October, 2009.

DAVIS WRIGHT TREMAINE LLP

By _____
Gregory A. Chaimov, OSB #822180
gregorychaimov@dwt.com
William D. Miner, OSB #04363
billminer@dwt.com
Telephone:   503-778-5477
Facsimile:   503-778-5299

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

By _____
Kelly P. Corr, WSBA #00555 *(admitted pro hac vice)*
kcorr@corrcronin.com

William H. Walsh, WSBA #21911 *(admitted pro hac vice)*
wwalsh@corrcronin.com
Telephone:    206-625-8600
Facsimile:    206-625-0900

Attorneys for Plaintiff Oregon LNG

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Plaintiff's Reply to Defendant's Additional Concise Statement of Material Facts on:

Jennifer L. Gates
Thane W. Tienson
Landye Bennett Blumstein LLP
1300 SW 5th Ave Ste 3500
Portland OR  97201
Email:  jgates@landye-bennet.com
Telephone:  503-224-4100
Facsimile:  503-224-4133
Attorneys for Port of Astoria

☐ by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below:

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's last-known address on the date set forth below;

☐ by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below; or

☑ by electronic filing notification.

DATED this 26th day of October, 2009.

DAVIS WRIGHT TREMAINE LLP


By /s/ Kelly P. Corr for Gregory A. Chaimov
   Gregory A. Chaimov, OSB #822180
   gregorychaimov@dwt.com
   William D. Miner, OSB #04363
   billminer@dwt.com
   Telephone:    503-778-5477
   Facsimile:    503-778-5299
   Attorneys for Plaintiff Oregon LNG

Page 7 - PLAINTIFF'S REPLY TO DEFENDANTS' ADDITIONAL CONCISE STATEMENT OF MATERIAL FACTS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP


By /s/ Kelly P. Corr
   Kelly P. Corr, WSBA #00555 *(admitted pro hac vice)*
   kcorr@corrcronin.com
   William H. Walsh, WSBA #21911 *(admitted pro hac vice)*
   wwalsh@corrcronin.com
   Telephone:   206-625-8600
   Facsimile:   206-625-0900

Attorneys for Plaintiff Oregon LNG