**GREGORY A. CHAIMOV, OSB #822180**
gregorychaimov@dwt.com
**WILLIAM D. MINER, OSB #04363**
billminer@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2300
Portland, OR 97201
Telephone:   503-241-2300
Facsimile:   503-778-5299

**KELLY P. CORR, WSBA #00555** *(admitted pro hac vice)*
kcorr@corrcronin.com
**WILLIAM H. WALSH, WSBA #21911** *(admitted pro hac vice)*
wwalsh@corrcronin.com
**MEREDITH L. MORONEY, VSB #75213** *(admitted pro hac vice)*
mmoroney@corrcronin.com
**CORR CRONIN MICHELSON BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Telephone:   206-625-8600
Facsimile:   206-625-0900

Attorneys for Plaintiff Oregon LNG

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
AT PORTLAND

| | |
|---|---|
| LNG DEVELOPMENT COMPANY, LLC d/b/a OREGON LNG,<br><br>Plaintiff,<br><br>v.<br><br>PORT OF ASTORIA, an Oregon Port; DAN HESS; an individual, LARRY PFUND; an individual; WILLIAM HUNSINGER, an individual; JACK BLAND, an individual; and FLOYD HOLCOM, an individual,<br><br>Defendants. | No. 3:09-CV-847-JE<br><br>**DECLARATION OF PETER HANSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

I, Peter Hansen, declare as follows:

1.      I am the Chief Executive Officer of Plaintiff LNG Development Company, LLC, d/b/a Oregon LNG. Prior to that I was the Vice President for Development of Calpine Corporation's Western Region.

2.      Oregon LNG and its predecessor invested many months researching potential locations for the liquid natural gas ("LNG") receiving terminal ("LNG terminal" or "terminal"), ultimately selecting the East Skipanon Peninsula site subleased from the Port of Astoria.

3.      Attached as Exhibit "A" is a true and correct copy of an excerpt of Oregon LNG's Resource Report 10, submitted by Oregon LNG to the Federal Energy Regulatory Commission in October 2008. The excerpted section describes the extensive review and analysis that went into selecting the present site for the Oregon LNG terminal. Critical factors considered included the width and depth of the ship channel; access to target markets; protection against severe winter conditions in the ocean waters off the Pacific Northwest coast; minimization of impact to natural habitats; distance from population centers; availability of sufficient area; proximity to existing utilities and infrastructure; consistency with existing use of the site and surrounding areas; constructability; and, above all, safety.

4.      The East Skipanon Peninsula site was chosen because it is by far the best location in the Pacific Northwest for an LNG terminal. It is uniquely suited for Oregon LNG's terminal and based on the recommendations contained in Sandia National Laboratories' 2004 report, "Guidance on Risk Analysis and Safety Implications of a Large Liquefied Natural Gas

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION -- Page 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

Spill Over Water," the United States Coast Guard in 2009 issued a favorable "Letter of Recommendation" for the proposed project. Oregon LNG's terminal is the only proposed LNG project on the United States' West Coast to be issued a favorable Letter of Recommendation allowing for acceptance of the world's largest and most modern LNG tankers, the so-called Q-Max vessels. The Q-Max vessels are 67% larger than the largest vessels the competing LNG terminals were approved to accommodate. These large Q-Max vessels dramatically improve efficiency and reduce shipping costs from the Pacific Basin due to the long shipping distances. Thus the ability to access the East Skipanon Peninsula location with Q-Max vessels (unlike our competitors' locations) gives Oregon LNG a significant competitive advantage over other proposed LNG developments on the West Coast.

5. Some of Oregon LNG's competitors are attempting to construct competitive LNG terminals at other locations we considered and deemed of lower quality. Such developments include the proposed Bradwood Landing project located 35 miles up the Columbia River, and the proposed Jordan Cove project at Coos Bay. It is generally understood that the market can only accommodate one LNG terminal on the West Coast and that these projects are therefore mutually exclusive – ultimately, only one can succeed. Oregon LNG's terminal has enjoyed significant regulatory advantages due to the fact that the East Skipanon Peninsula location provides for the lowest environmental footprint of any proposed LNG terminal project. Specifically, its impacts on endangered salmon are well recognized as being far less than the impacts of the competing Bradwood Landing development. Also, the impacts of Oregon LNG's terminal and associated pipeline on

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 3

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

endangered spotted owls are well understood to be almost non-existent and obviously far less than the significant impacts of the competing Jordan Cove project. However, these other projects are still likely to gain critical competitive advantages the longer the Oregon LNG project is delayed by the Port, thereby creating doubts about the viability of the project in the eyes of potential customers and partners. And, these developments are indeed moving forward. For example, just recently the Federal Energy Regulatory Commission granted its approval for the Jordan Cove project at Coos Bay. Attached as Exhibit "B" is a true and correct copy of an article from The Oregonian dated December 17, 2009, titled *Oregon objects to federal OK of Coos Bay gas terminal*.

      6.     The success of Oregon LNG's terminal development depends on its ability to enter into long-term Terminal-Use-Agreements ("TUAs") with LNG companies to bring their cargoes into the facility. TUAs provide the long-term, fixed-fee payments that account for almost all of the terminal's revenue stream, which also allows the terminal to obtain financing. LNG companies will not consider entering into TUAs with Oregon LNG until the project appears likely to become a reality. The status of West Coast LNG terminal developments is being watched closely by the worldwide LNG industry, and while the favorable attributes of this project are well understood, so are the significant uncertainties introduced by the Port's actions in regards to our possession of the premises over the long term. As long as these uncertainties persist, the project is of little interest to anyone in the worldwide LNG industry. Oregon LNG negotiated for two thirty-year renewal periods in the Sublease because lease terms of shorter duration are insufficient to support long-term TUAs, and without long-term

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

TUAs the LNG terminal cannot be financed and built and the project cannot continue.

7.  In summary, long-term TUAs are this project's lifeblood, and long-term site control is of critical importance to obtaining TUAs. As a result, the Port's two-year "renewal" is virtually worthless to Oregon LNG. What Oregon LNG wants and needs, and what Oregon LNG bargained and contracted for, is two thirty-year renewal periods, providing Oregon LNG with long-term control of the East Skipanon Peninsula site.

8.  Based on the underpinning revenue streams from the TUAs, Oregon LNG must obtain financing for the construction of the terminal. The Port does not have the financial resources to guarantee, or ultimately pay for, the damage it will cause to Oregon LNG and financing institutions if the project moves forward and then the Port refuses to renew the Master Lease after the two-year delay they claim they are entitled to. As a result, no financing institution will even consider financing construction of the Oregon LNG terminal until long-term site control is resolved.

9.  The longer Oregon LNG's long-term site control is delayed, and the greater the perceived uncertainties become regarding that long-term control, the more the future of this project is placed in jeopardy. Potential customers and partners will simply move on and contract with competing, albeit less favorable developments out of fear of missing out on those remaining opportunities. Not only is Oregon LNG losing time, money, potential customers, and competitive advantages as this project is indefinitely delayed – the entire project may be lost if this dispute is not promptly resolved.

I declare under penalty of perjury under the laws of the United States of America that

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

the foregoing is true and correct to the best of my knowledge and belief.

DATED: December 22, 2009, in Vancouver, Washington.

_____
Peter Hansen

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Declaration of Peter Hansen in Support of Plaintiff's Motion for Preliminary Injunction on:

Jennifer L. Gates
Thane W. Tienson
Landye Bennett Blumstein LLP
1300 SW 5th Ave Ste 3500
Portland OR  97201
Email:  jgates@landye-bennet.com
Telephone:  503-224-4100
Facsimile:  503-224-4133
Attorneys for Port of Astoria

☐   by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below:

☐   by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's last-known address on the date set forth below;

☐   by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below; or

☒   by electronic filing notification.

DATED this _____ day of December, 2009.

DAVIS WRIGHT TREMAINE LLP

By /s/ Kelly P. Corr for Gregory A. Chaimov
    Gregory A. Chaimov, OSB #822180
    gregorychaimov@dwt.com
    William D. Miner, OSB #04363
    billminer@dwt.com
    Telephone: 503 -778-5477
    Facsimile:   503-778-5299

Attorneys for Plaintiff Oregon LNG

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 7

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

By /s/ Kelly P. Corr
   Kelly P. Corr, WSBA #00555 *(admitted pro hac vice)*
   kcorr@corrcronin.com
   William H. Walsh, WSBA #21911 *(admitted pro hac vice)*
   wwalsh@corrcronin.com
   Meredith L. Moroney, VSB #75213 *(admitted pro hac vice)*
   mmoroney@corrcronin.com
   Telephone: 206-625-8600
   Facsimile: 206-625-0900

Attorneys for Plaintiff Oregon LNG

DECLARATION OF PETER HANSEN IN
SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION – Page 8

**CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900