IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LNG DEVELOPMENT COMPANY, LLC,
dba OREGON LNG,

        Plaintiff,

        v.

PORT OF ASTORIA, an Oregon Port; DAN HESS,
an individual; LARRY PFUND, an individual;
WILLIAM HUNSINGER, an individual;
JACK BLAND, an individual; and FLOYD
HOLCOM, an individual,

        Defendants.

No. CV 09-847-JE

OPINION & ORDER

**MOSMAN, J.**,

        On November 2, 2009, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#76) in the above-captioned case recommending that I DENY defendants' Motion to Dismiss (#44). Defendants filed objections (#88) to the F&R and plaintiff responded (#93).

**DISCUSSION**

        The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as

PAGE 1 - OPINION & ORDER

to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Defendants object to Judge Jelderks's finding that the State of Oregon is not a necessary and indispensable party to this action under Federal Rules of Civil Procedure 12(b)(7) and 19. (Defs.' Objections (#88).) To begin, I find that Judge Jelderks did address all the necessary Rule 19 factors, despite defendants' argument that he neglected to discuss the "complete relief" and "impair or impede" factors of Rule 19(a)(1). (*See* F&R (#76) 8.)[1] I agree with his analysis finding that the State is not a necessary party under Rule 19(a)(1). (*See id.* at 7-9.)

I also agree with Judge Jelderks's characterization of plaintiff's claims as concerning the Sublease between LNG and the Port, and disagree with defendants' characterization of plaintiff's claims as necessarily and directly involving the Master Lease between the Port and the State. (*See id.* at 8 ("The present action is a dispute concerning the terms of the Sublease between the Port and plaintiff LNG."); *see also* Defs.' Objections (#88) 7 (arguing that language in the separate Master

---

[1] Defendants also argue for the first time in their Objections that Oregon Administrative Rules require state approval and action of certain lease renewals. (*See* Defs.' Objections (#88) 4-5.) I decline to address the merits of this last-minute argument, in large part because defendants made this argument more fully, giving plaintiff and Judge Jelderks an opportunity to address it, in subsequent motions. *See United States v. Howell*, 231 F.3d 615, 622-23 (9th Cir. 2000) (holding that a district court has discretion whether to consider evidence presented for the first time in an objection to a magistrate judge's findings and recommendation).

PAGE 2 - OPINION & ORDER

Lease referring to the Sublease makes the State a necessary party, even though the language does not appear in the contract at issue).) While the contracts may be related in the grand scheme because the same land is the subject of both, that does not change the fact that there exist two independent contracts, between three separate and independent parties. (*See id.*) The present action involves only one of those two contracts, and therefore includes only the two parties to that agreement.

Upon review, I agree with Judge Jelderks's recommendation, and I ADOPT the F&R (#76) as my own opinion. Defendants' Motion to Dismiss (#44) is DENIED.

IT IS SO ORDERED.

DATED this  5th  day of January, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court