IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LNG DEVELOPMENT COMPANY, LLC,**
**dba OREGON LNG**,

        Plaintiff,

        v.

**PORT OF ASTORIA, an Oregon Port; DAN HESS,**
**an individual; LARRY PFUND, an individual;**
**WILLIAM HUNSINGER, an individual;**
**JACK BLAND, an individual; and FLOYD**
**HOLCOM, an individual**,

        Defendants.

No. CV 09-847-JE

OPINION & ORDER

**MOSMAN, J.**,

On November 17, 2009, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#89) in the above-captioned case recommending that I GRANT plaintiff's Motion for Partial Summary Judgment (#34). Defendants filed objections (#94) to the F&R and plaintiff responded (#97).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but

PAGE 1 - OPINION & ORDER

retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Jelderks's recommendation, and I ADOPT the F&R (#89) as my own opinion. I write separately only to clarify one relatively minor point. To begin, I agree with Judge Jelderks's finding that plaintiff LNG properly renewed its option to extend the Sublease for thirty years. (F&R (#89) 12-15.) Therefore, I similarly find that defendants' failure to comply with a material contractual term, the thirty-year extension, creates a breach of the Sublease. Judge Jelderks's response to this breach is relatively simple, and one with which I agree—defendants are obligated to provide LNG with the thirty-year extension under the Sublease.[1] Defendants make much of this obligation, contending that Judge Jelderks created it "out of whole cloth." (Defs.' Objections (#94) 8.) They fail to understand that this obligation is nothing other than the effect of their breach, created by the plain language of the Sublease.

---

[1] Defendants attempt to downplay the importance of the extension itself by noting that "the leased premises and all rights to its use under the Sublease are fully available to plaintiff." (Defs.' Objections (#94) 9.) This is a clear mischaracterization of LNG's bargained-for-agreement and rights under the Sublease, as the present availability of the land does not fully comply with the terms of the contract.

PAGE 2 - OPINION & ORDER

Defendants also raise numerous objections to the language Judge Jelderks used to convey this obligation, that the Port must "take the steps necessary" to exercise its own option to extend the Master Lease, so that it can, in turn, comply with the terms of the Sublease. (*Id.* at 19, 22, 26, 27, 29, 30, 34, 35, 38, 39, 46.) While Judge Jelderks's framing of the steps required by defendants presents the most practical interpretation of their obligation, there could exist alternative options, at least in theory. How defendants choose to provide the additional thirty-year term is up to them. They could attempt to buy the land at issue, they could try to negotiate a separate contract with DSL, or come up with any other imaginative solutions. The end result, however, is the same—defendants must provide LNG with the properly renewed option to extend the Sublease for thirty years in order to comply with the terms of the contract.

I agree with Judge Jelderks's reasoning on all other points to which defendants object. I therefore GRANT plaintiff's Motion for Partial Summary Judgment (#34) as recommended.

IT IS SO ORDERED.

DATED this  28th  day of January, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court