IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LNG DEVELOPMENT COMPANY, LLC,**
**dba OREGON LNG**,

      Plaintiff,

      v.

**PORT OF ASTORIA, an Oregon Port; DAN HESS,**
**an individual; LARRY PFUND, an individual;**
**WILLIAM HUNSINGER, an individual;**
**JACK BLAND, an individual; and FLOYD**
**HOLCOM, an individual**,

      Defendants.

No. CV 09-847-JE

OPINION & ORDER

**MOSMAN, J.**,

On February 3, 2010, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#126) in the above-captioned case recommending that I GRANT plaintiff's Motion for Preliminary Injunction (#101). Defendants filed objections to the F&R with a request for an evidentiary hearing (#129) and plaintiff responded (#130).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but

PAGE 1 - OPINION & ORDER

retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Jelderks's recommendation, and I ADOPT the F&R (#126) as my own opinion. Plaintiff's Motion for Preliminary Injunction (#101) is GRANTED as described in Judge Jelderks's F&R. Defendants should take immediate steps to provide the additional thirty-year term specified in the sublease, and to make the land subject to that sublease available to plaintiff LNG for its use.

IT IS SO ORDERED.

DATED this   11th   day of March, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 2 - OPINION & ORDER